UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD SIMPSON,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>　　　　　　　Defendants. | CASE NO. 3:23-cv-05545-BHS<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: September 15, 2023 |

The District Court has referred Plaintiff Richard Simpson's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed Complaint to United States Magistrate Judge Grady J. Leupold pursuant to Amended General Order 11-22. On June 16, 2023, Plaintiff filed a proposed civil Complaint and an Application to Proceed *In Forma Pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1, 1-1. The Court screened Plaintiff's proposed amended Complaint, identified deficiencies in the proposed Complaint, and directed Plaintiff to file an amended Complaint curing the deficiencies. *See* Dkt. 4. On July 21, 2023, Plaintiff filed a proposed amended Complaint. Dkt. 6.

REPORT AND RECOMMENDATION - 1

1       The Court has reviewed Plaintiff's proposed amended Complaint (Dkt. 6) and finds Plaintiff has not fully cured the deficiencies identified in the Court's Order Allowing Amended Complaint and Renoting Application to Proceed *In Forma Pauperis* ("Order") (Dkt. 4). Therefore, the Court recommends Defendants State of Washington, Washington State Attorney General's Office, Thurston County Prosecutor's Office, Lewis County Superior Court, Providence Centralia Hospital, City of Lacey Police department, Yvonne Nageotte, and Nageotte, Nageotte & Nageotte, P.C. be dismissed without prejudice for failure to state a claim. Based on Plaintiff's allegations against Defendant Aaron Pruneda set forth in the proposed amended Complaint, the Court recommends the Application to Proceed *In Forma Pauperis* ("IFP") (Dkt. 1) be **GRANTED**.

      **Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

      **Plaintiff's Application to Proceed IFP.** Plaintiff states that he is unemployed. *See* Dkt. 1. Plaintiff has no cash on hand and $1,500 in his checking account. *Id*. at 2. His monthly expenses are $2,950. *Id*.

      **Review of the Amended Complaint.** The Court has carefully reviewed the proposed amended Complaint in this matter. Because Plaintiff filed this proposed amended Complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

      In the proposed amended Complaint, Plaintiff asserts Defendants violated his constitutional rights when they arrested him five times over the course of the past year. Dkt. 6.

REPORT AND RECOMMENDATION - 2

He also asserts several state law claims in connection with these arrests. *Id*. He also claims several state law statutes related to his criminal prosecutions are unconstitutional. *Id*.

      **Sua Sponte Dismissal.** The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

      A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

      **Analysis of Plaintiff's Claims**.

      *Section 1983*. In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law.

*See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is, therefore, to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's proposed amended Complaint suffers from deficiencies related to personal participation. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989).

In the proposed amended Complaint, Plaintiff names the following Defendants: the State of Washington, Washington State Attorney General's Office, Thurston County Prosecutor's Office, Lewis County Superior Court, Corporal Aaron Pruneda of the City of Lacey Police Department, City of Lacey Police department, and "Other State Actors." Dkt. 6 at 1. In addition, Plaintiff names three Defendants who do not appear to be state actors acting under color of state law. *Id*. The Court will discuss personal participation as it relates to these Defendants in turn.

REPORT AND RECOMMENDATION - 4

### A.   Corporal Aaron Pruneda

In the proposed amended Complaint, Plaintiff claims Defendant Corporal Aaron Pruneda arrested him without probable cause by using an "illegal warrant" based upon falsified charges. Dkt. 6 at 10–11. He also claims Defendant Pruneda physically assaulted him during the course of his arrest. *Id*. at 10. Upon review, the Court finds Plaintiff's allegations against Defendant Pruneda state a *prima facie* cause of action pursuant to 42 U.S.C. § 1983.

### B.   State of Washington

Plaintiff names the State of Washington as a Defendant. Dkt. 6. Section 1983 applies to the actions of "persons" acting under the color of state law. The State of Washington is not a "person" for purposes of a § 1983 civil rights action, *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989), and cannot be sued under § 1983. Therefore, the State of Washington should not be named as a Defendant in an amended Complaint.

### C.   Thurston County Prosecutor & Washington Attorney General

Plaintiff names the Thurston County Prosecutor's Office and Washington State Attorney General's Office as Defendants. Dkt. 6. Plaintiff does not name any individuals from the Attorney General's Office or show how they personally participated in the alleged constitutional violations. Furthermore, prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope,* 793 F.2d 1072, 1076 (9th Cir. 1986)(*citing Imbler*, 424 U.S. at 430-31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (*quoting Imbler*, 424 U.S. at 427).

### D. Lewis County Superior Court

Plaintiff names the Lewis County Superior Court as a Defendant. Dkt. 6. The Lewis County Superior Court is a state agency as it was established by the Washington State Constitution and is funded by the state government. *See* Wash. Const. Art. IV, §§ 1, 6; *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987), *superseded by statute on other grounds*. Therefore, like the State of Washington itself, the Lewis County Superior Court is not a "person" that can be sued under § 1983 and it cannot be liable for monetary damages. *Will*, 491 U.S. at 64; *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974).

To the extent Plaintiff may intend to sue the judicial officer(s) who presided over his criminal matter, he has likewise not identified a defendant subject to suit in this action. It is well established that judicial officers are entitled to absolute immunity for judicial acts performed within the scope of their jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Judicial immunity applies even when a judge acts in excess of his or her authority. *Stump*, 435 U.S. at 356. This strong immunity protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225 (1988). Presiding over criminal trials is a judicial act which clearly falls within the scope of a judge's official duties. Accordingly, no action lies against any judicial officer presiding over Plaintiff's criminal matter.

Plaintiff cannot state a claim against the Lewis County Superior Court or its judges.

### E. City of Lacey Police

Plaintiff names the City of Lacey Police department as a Defendant. Dkt. 6. This Defendant is not a legal entity capable of being sued under § 1983. Rather, the appropriate municipality – City of Lacey – would be the proper defendant. *See Monell v. New York City*

*Dept. of Social Services*, 436 U.S. 658, 690 (1978); *Wright v. Clark County Sheriff's Office*, No. 3:15-cv-05887-BHS-JRC, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016).

To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Monell*, 436 U.S. at 690–91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992). Plaintiff has not named the proper municipality as Defendant and has also not alleged facts to show the municipality is liable. *See* Dkt. 6.

### F.     Non State Actors

Plaintiff names Yvonne J. Nageotte, Nageotte, Nageotte, & Nageotte, PC, and Providence Centralia Hospital as Defendants. Dkt. 6. However, Plaintiff has not alleged facts sufficient to show these Defendants were state actors acting under color of state law. Rather, based on the allegations in the proposed amended Complaint, these Defendants are private citizens. *See id*. "Generally, private persons cannot be liable under section 1983 unless their actions were 'clothed' with governmental authority." *Goehring v. Wright*, 858 F. Supp. 989, 997 (N.D. Cal. 1994); *see Peng v. Mei Chin Penghu*, 225 F.3d 970, 980 (9th Cir. 2003). In the proposed amended Complaint, Plaintiff claims Defendants Yvonne J. Nageotte and Nageotte, Nageotte, & Nageotte, PC, were allegedly involved in communicating with Commonwealth of Virginia authorities about Plaintiff. Dkt. 6. Their involvement resulted in an arrest warrant for Plaintiff in the Commonwealth of Virginia on at least two occasions. *Id*. At most, Plaintiff has

REPORT AND RECOMMENDATION - 7

alleged these Defendants provided false statements and information about Plaintiff to Commonwealth of Virginia officials. *Id*. There are no allegations these Defendants are state actors or that their actions were "clothed with governmental authority." Furthermore, Plaintiff cannot establish that Providence Centralia Hospital is a state actor simply by asserting it acted under color of state law "when it took direction from State Actor Police." Dkt. 6 at 10.

In sum, under the allegations contained in the proposed amended Complaint, these Defendants cannot be liable under § 1983 and Plaintiff has failed to state a claim upon which relief can be granted.

**State Law Claims.** Plaintiff is also attempting to assert state law claims against Defendants. Dkt. 6. A district court has discretion over whether to exercise supplemental jurisdiction over state law claims arising from the same set of operative facts that supports a federal claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009) (citing 28 U.S.C. §§ 1367(a), (c)). Ordinarily, when a district court dismisses "all claims independently qualifying for the exercise of federal jurisdiction," it will dismiss all related state claims as well. *Artis v. District of Columbia*, 138 S. Ct. 594 (2018) (citing 28 U.S.C. § 1367(c)) (2018); *see also Carlsbad Tech.*, 556 U.S. at 639–40. Here, Plaintiff has not stated a federal claim for relief against Defendants State of Washington, Washington State Attorney General's Office, Thurston County Prosecutor's Office, Lewis County Superior Court, Providence Centralia Hospital, City of Lacey Police department, Yvonne Nageotte, and Nageotte, Nageotte & Nageotte, P.C., and, therefore, it is recommended that the District Court not exercise supplemental jurisdiction over the state law claims against these Defendants.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an

REPORT AND RECOMMENDATION - 8

opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Plaintiff has been put on notice of the deficiencies of his proposed Complaint, but did not cure the deficiencies. Dkts. 4, 6. Accordingly, the Court recommends Plaintiff not be given additional leave to amend his claims against Defendants State of Washington, Washington State Attorney General's Office, Thurston County Prosecutor's Office, Lewis County Superior Court, Providence Centralia Hospital, City of Lacey Police department, Yvonne Nageotte, and Nageotte, Nageotte & Nageotte, P.C. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

The Court further notes that Plaintiff has named "Doe" Defendants as "Other State Actors." Dkt. 6. The Court recommends that, should Plaintiff discover the identity of these Doe Defendants through discovery in this matter, he be permitted to amend his Complaint to include the newly-named Defendants.

**Conclusion.** The Court finds Plaintiff has failed to state a claim upon which relief can be granted against Defendants State of Washington, Washington State Attorney General's Office, Thurston County Prosecutor's Office, Lewis County Superior Court, Providence Centralia Hospital, City of Lacey Police department, Yvonne Nageotte, and Nageotte, Nageotte & Nageotte, P.C., despite being notified of the deficiencies of the Complaint. Therefore, the Court recommends these Defendants be dismissed for failure to state a claim and additional leave to

amend not be given. As the Court finds Plaintiff has stated a claim against Defendant Pruneda, the Court recommends Plaintiff's Application to Proceed IFP be granted.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on September 15, 2023, as noted in the caption.

Dated this 24th day of August, 2023.

Grady J. Leupold
United States Magistrate Judge